IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CHENG KENG LIN, et al., | : |
| Plaintiffs, | : Civil No. 10-4059 (RBK/KMW) |
| v. | : **OPINION** |
| TENG LIN, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

In this case, Plaintiffs claim that Defendants violated New Jersey law and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., by failing to pay proper minimum wages and by failing to pay overtime wages. Currently before the Court is Defendants' motion for summary judgment in which Defendants argue that Plaintiffs were paid properly and that this lawsuit is nothing more than the product of machinations of one disgruntled employee.[1] (Doc. No. 56.) For the reasons stated herein, the Court will DENY Defendants' motion.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendants are owners and operators of Mikado, a sushi restaurant with locations in Cherry Hill, Marlton, and Maple Shade, New Jersey. Plaintiffs are former employees of Defendants and were employed as Kitchen Chefs, Sushi Chefs, Hibachi Chefs, Cashiers, and Waitresses. (Plaintiffs' Supplemental Local Rule 56.1 Statement of Facts ("Pls.' SSOF") ¶ 1 (Doc. No. 59).)

---

[1] Defendants state in their moving papers that they are not moving for summary judgment against Plaintiffs Jing Chen, Chuan Qiang Wang, and Guang Xing Chen. Accordingly, the Court will not evaluate the claims of those Plaintiffs any further.

On August 5, 2010, Plaintiffs brought suit alleging that Defendants violated federal and state wage and hour laws by paying Plaintiffs far less than minimum wage and overworking Plaintiffs without paying overtime premiums. (Doc. No. 1.) On September 17, 2010, Defendants answered Plaintiffs' Complaint. (Doc. No. 4.) At the conclusion of discovery, Defendants filed their motion for summary judgment on April 15, 2013. (Doc. No. 56.) As this motion has been fully briefed, the Court now turns to the parties' arguments.

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to

survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x. 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

As an initial matter, Plaintiffs argue that the majority of exhibits submitted by Defendants in support of their motion are inadmissible and cannot be considered by the Court. (Pls.' Opp'n Br. 6-9 (Doc. No. 58).) Defendants counter that Plaintiffs' arguments are nothing more than an effort to create a "dust storm" and that their evidence is, in fact, sufficient. (Defs.' Reply Br. 2 (Doc. No. 60).)

To be considered as evidence in a motion for summary judgment, documents must be properly authenticated in satisfaction of Federal Rule of Evidence 901(a). Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (affirming district court's exclusion of unauthenticated and inadmissible exhibits on motion for summary judgment); Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (same). Documents can be authenticated

3

by an affidavit of an individual with personal knowledge able to provide evidence "sufficient to support a finding that the matter in question is what its proponent claims." Orr, 285 F.3d at 773 (quoting Fed. R. Evid. 901(a)). However, the failure to establish that the document is genuine renders the evidence inadmissible. Fed. R. Evid. 901(a).

In support of their motion for summary judgment and to establish that Plaintiffs were properly paid in accordance with state and federal law, Defendants submitted hundreds of pages of exhibits that include various spreadsheets, printed out "tip reports", employee expense worksheets, and handwritten notes that are not only illegible at times, but partly in Chinese.[2] Defendants do not submit any affidavit establishing the genuineness of these documents, or indicating that the documents are true, complete, or correct copies. Instead, Defendants superficially identify certain of these documents in their Local Rule 56.1 Statement by stating, e.g., "Mikado keeps contemporaneous records for each of its employees, regardless of the method by which they are paid. See Wage Records attached for each employee at Exhibits A through N." (Defendants' Statement of Material Facts Not In Dispute ("Defs.' SMF") ¶ 15 (emphasis added) (Doc. No. 56-1).) Defendants' argument in their Reply Brief that certain of the Defendants and Plaintiffs testified about these documents in their depositions does not relieve them of their burden to properly authenticate this evidence so that it may be considered by the Court in ruling on the instant motion.

Even if all of Defendants' evidence was admissible, however, Plaintiffs have raised genuine issues of material fact for trial, such that summary judgment would be improper in any event.

---

[2] Defendants' exhibits containing excerpts from Plaintiffs' deposition testimony and declarations prepared by Defendants and their employees are not challenged by Plaintiffs and are admissible.

Defendants have submitted a declaration from Rowena Yim, an accountant for Mikado Restaurant, stating that she, on Mikado's instructions, "calculate[d] the correct minimum wage and overtime for employees working the standard hours at Mikado," "calculated the correct pay, including overtime for its employees," and "based these calculations with reference to both state and federal laws on the minimum wage and overtime rates." (Declaration of Rowena Yim, Ex. R ¶¶ 9-10 (Doc. No. 56-35).) Ms. Yim concludes that "[b]ased upon my knowledge of Mikado's pay practices, I believe that all employees have been properly paid according to the advice I have provided to Mikado which is based on the payroll record presented to me by Mikado." (Id. ¶ 12.) Defendants further state that "Plaintiffs were paid at a premium rate for all overtime hours" and that "[e]ach Plaintiff was paid more than minimum wage and overtime." (Defendants' Counterstatement to Plaintiffs' Supplemental Statement of Facts ("Defs.' Counterstatement") ¶¶ 7, 16 (Doc. No. 60-6).)

In support of their case, Plaintiffs have submitted declarations and responses to Defendants' interrogatories stating, among other things, that each Plaintiff was paid a certain monthly salary, that salary did not change based on the number of hours worked, Plaintiffs worked anywhere from 65-70 hours per week on average, and Plaintiffs never received overtime pay for any hours worked over 40 hours in a week. (See Plaintiff Zhen Zi Jin[3] and Plaintiff Xue Tian Xin's Responses to Defendants' First Set of Interrogatories, Ex. 6[4]; Declaration of David

---

[3] Defendants also contend that there is no record of Zhen Zi Jin having worked at Mikado. (Defs.' Counterstatement ¶ 1.) Because Plaintiffs submit deposition testimony from Mr. Jin stating that he did in fact work at Mikado, (see Declaration of David Stein, attaching Ex. AA (Deposition of Zhen Zi Jin)), this represents another factual dispute that is inappropriate for the Court to resolve at this stage of the proceedings.

[4] Plaintiffs Zhen Zi Jin and Xue Tian Xin state: "Plaintiff worked from October 2008 to October 2009. He was paid a flat rate of $1,300 per month or $325 per week and he worked 68.5 hours per week giving me a hourly wage of $4.74. From October 2008 to October 2009, Plaintiff worked 68.5 hours per week. I was never paid overtime. He worked 28.5 hours of overtime during my employment with Mikado." (Plaintiff Zhen Zi Jin and Plaintiff Xue Tian Xin's Responses to Defendants' First Set of Interrogatories, Ex. 6 ¶¶ 18-19.)

5

Stein, Ex. 8 (attaching Exs. A-L (Declaration of Cheng Keng Lin ¶¶ 9,13,17; Declaration of Fang Wang ¶ 15; Declaration of Wei Ye She ¶¶ 11, 13, 16, 18; Declaration of Zhong Wu Zhu 9, 13-14; Declaration of Dong Mei Pan ¶¶ 10, 14; Declaration of Dong Xiao Jing ¶¶ 10, 16; Declaration of Dong Xiao Wei ¶¶ 10, 14, 19; Declaration of Hong Chen ¶¶ 11, 15; Declaration of Jin Xing Gao ¶¶ 9,11; Declaration of Zhen Wen Lin ¶¶ 10-11, 13; Declaration of Zhong Kun Jiang ¶¶ 10, 12, 14; and Declaration of Zhu Zhen Zheng ¶¶ 9, 11, 13)).)

It is plain, based on the record before the Court, that there are genuine disputes as to many material facts; namely, whether each Plaintiff received a proper wage and overtime pay. Accordingly, Defendants' motion for summary judgment will be denied.

## IV. CONCLUSION

For the reasons stated above, the Court will DENY Defendants' motion for summary judgment. An appropriate order shall issue today.

Dated: 12/30/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge